1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  DOUGLAS J. WOODS
   Supervising Deputy Attorney General
4  JACK WOODSIDE, State Bar No. 189748
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 324-5138
7   Fax: (916) 324-8835
    Email: Jack.Woodside@doj.ca.gov
8
   Attorneys for Defendants John Chiang, in his official
9  capacity; Rachel Carrola, in her official capacity; and,
   Penny Gilman, in her official capacity
10

11            IN THE UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **ESTATE OF CLARA SHIMAN, SCOTT A.**        Case No: CV 08 2365 SBA
    **FLAXMAN ADMINISTRATOR, SCOTT A.**
15  **FLAXMAN, BENEFICIARY, ESTATE OF**        **DEFENDANTS' NOTICE OF**
    **CLARA SHIMAN,**                          **MOTION AND MOTION TO**
16                                             **DISMISS; POINTS AND**
                                    Plaintiffs, **AUTHORITIES IN SUPPORT**
17
                  v.
18
    **JOHN CHIANG, IN HIS OFFICIAL**           Hearing:      September 9, 2008
19  **CAPACITY, RACHEL CARROLA, IN HER**       Time:         1:00 p.m.
    **OFFICIAL CAPACITY AND PENNY**            Courtroom:    3, Floor 3
20  **GILMAN, IN HER OFFICIAL CAPACITY,**      Judge:        The Honorable Saundra
                                                             B. Armstrong
21                                  Defendants.

22

23

24

25

26

27

28

    **DEFENDANTS' NOTICE OF MOTION AND MOTION**      Estate of Clara Shiman et al. v. John Chiang et al.
    **TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                                    CV 08 2365 SBA

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS | | 1 |
| II. | DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS | | 1 |
| III. | STATEMENT OF FACTS AND ISSUES TO BE DECIDED | | 2 |
| | A. | Facts Alleged in the Complaint | 2 |
| | B. | Causes of Action and Prayer for Relief | 3 |
| IV. | LEGAL STANDARDS APPLICABLE TO RULE 12(B) MOTIONS | | 3 |
| | A. | Rule 12(b)(1) | 4 |
| | B. | Rule 12(b)(6) | 4 |
| V. | LEGAL DISCUSSION | | 5 |
| | A. | The Lawsuit Against Defendants Chiang, Carrola and Gilman, in Their Official Capacities, is Barred by the Eleventh Amendment. | 5 |
| | B. | The Causes of Action under 42 U.S.C. § 1983 Fails to State a Claim upon Which Relief Can Be Granted Because Such Claims Can Only Be Alleged Against a "Person" as Defined. | 9 |
| | C. | Plaintiffs' Assertion of State Law Claims Does Not Avoid the Eleventh Amendment Bar. | 10 |
| VI. | CONCLUSION | | 11 |

**DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**

Estate of Clara Shiman et al. v. John Chiang et al.
CV 08 2365 SBA

i

1

**TABLE OF AUTHORITIES**

2

**Page**

3   **Cases**

4   *Alabama v. Pugh*
       438 U.S. 781 (1978)                                      5

5

  *Aminoil U.S.A., Inc., v. Cal. State Water Res. Control Bd.*
6       674 F.2d 1227 (9th Cir. 1982)                            7

7   *Arizonans for Official English v. Arizona*
      520 U.S. 43 (1997)                                        9

8

  *Bair v. Krug*
9       853 F.2d 672 (9th Cir. 1988)                              10

10   *Bell Atlantic Corp. v. Twombly*, --- U.S. ----
      127 S.Ct. 1955 (2007)                                    4
11

  *College Savings Bank v. Florida Prepaid Postsecondary*
12     *Education Expense Board*
      527 U.S. 666 (1999)                                    5
13

  *Doe v. Lawrence Livermore Nat'l Lab*
14       131 F.3d 836 (9th Cir. 1997)                              9

15   *Edelman v. Jordan*
      415 U.S. 651 (1974)                                    5
16

  *Epstein v. Wash. Energy Co.*
17       83 F.3d 1136 (9th Cir.1996)                              4

18   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
      896 F.2d 1542 (9th Cir. 1990)                            4
19

  *Kentucky v. Graham*
20       473 U.S. 159 (1985)                                    9

21   *Larson v. Domestic & Foreign Commerce Corp.*
      337 U.S. 682 (1949)                                    7
22

  *Malone v. Bowdoin*
23       369 U.S. 643 (1962)                                    7

24   *Mir v. Little Co. of Mary Hosp.*
      844 F.2d 646 (9th Cir. 1988)                              4
25

  *N. Star Int'l v. Arizona Corp. Comm'n*
26       720 F.2d 578 (9th Cir. 1983)                              4

27   *Pennhurst State Sch. & Hosp. v. Halderman*
      465 U.S. 89 (1984)                                     5, 10
28

**DEFENDANTS' NOTICE OF MOTION AND MOTION**      Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                       CV 08 2365 SBA

ii

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Savage v. Glendale Union High School*
  343 F.3d 1036 (9th Cir. 2003)                    4

*Seminole Tribe of Florida v. Florida*
  517 U.S. 44 (1996)                              5, 10

*Taylor v. Westley*
  402 F.3d 924 (9th Cir. 2005)
                                                   5-8

*United States v. Lee*
  106 U.S. 196 (1882)                              6

*W. Mining Council v. Watt*
  643 F.2d 618 (9th Cir. 1981)                    4, 8

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003)                    4

*Washington v. Udall*
  417 F.2d 1310 (9th Cir. 1969)                    7

*Will v. Michigan Dept. of State Police*
  491 US 58 (1989)                                 9

*Wolfe v. Strankman*
  392 F.3d 358 (9th Cir. 2004)                     4


**Statutes**

Federal Rules of Civil Procedure
  § 12(b)(1)                                      3, 4
  § 12(b)(6)                                      3, 4

**DEFENDANTS' NOTICE OF MOTION AND MOTION**      Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                          CV 08 2365 SBA

iii

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on September 9, 2008, at 1:00 p.m., in Courtroom 3 of the above-entitled Court, located at 1301 Clay Street, Oakland, California, defendants will move, and hereby do move, this Court for entry of dismissal of this action, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is based on the following grounds: 1) the action is barred by the Eleventh Amendment to the United States Constitution, which precludes state officials from being sued in federal court; and 2) the complaint fails to state a claim upon which relief can be granted because defendant state officials are not "persons" within the meaning of Section 1983, and therefore not amenable to suit.

The parties met and conferred on May 29, 2008 and no agreement or settlement was reached.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities filed herewith, and the pleadings, orders, memoranda, exhibits and other documents already on file in this action.

**DEFENDANTS' POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs Estate of Clara Shiman, Scott A. Flaxman, Administrator, Scott A. Flaxman, beneficiary, Estate of Clara Shiman (collectively "plaintiffs") initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing the complaint on May 7, 2008. The named defendants include John Chiang, in his official capacity, Rachel Corrola, in her official capacity and Penny Gilman, in her official capacity.[1/] By their misconceived action, plaintiffs are attempting to turn an ordinary state law claim for recovery of unclaimed property into the proverbial "federal case."

Plaintiffs' complaint generally contends that defendants violated the Fifth and Fourteenth Amendments to the United States Constitution and that defendants violated

---

1. Defendant John Chiang is the Controller of the State of California, while defendants Rachel Corrola and Penny Gilman are employees of the Office of the State Controller.

1   California's Unclaimed Property Law ("UPL") resulting in an alleged breach of fiduciary duties

2   and negligence. Specifically, plaintiffs charge that defendants held unclaimed property

3   belonging to the Estate of Clara Shiman, and that they have failed to return any money to that

4   Estate, for which plaintiff Flaxman is a beneficiary.

5       As explained below, the Court should dismiss plaintiffs' complaint as to all defendants

6   based on Eleventh Amendment immunity. Where, as here, state officials are sued in their official

7   capacities for money damages, they are immune from suit in federal court. In addition, the

8   complaint fails to state a claim upon which relief can be granted because defendants are not

9   "persons" within the meaning of Section 1983, and therefore not amenable to suit.

10       Accordingly, defendants respectfully request that the Court dismiss this action without

11   leave to amend.

12                **STATEMENT OF FACTS AND ISSUES TO BE DECIDED**

13       **A.   Facts Alleged in the Complaint**

14       According to the complaint, plaintiff Scott A. Flaxman is a beneficiary of and the

15   administrator for the Estate of Clara Shiman ("Estate"). Compl. ¶¶ 12-13. Plaintiff Flaxman

16   apparently accessed the California Controller's website and determined that the State of

17   California held unclaimed property belonging to the Estate in the alleged amount of $29,881.59[2/].

18   *Id.* ¶¶ 14-15; Exh. N.

19       The complaint alleges that in May of 2006, plaintiff Flaxman submitted claim forms to

20   the Controller's Office on behalf of the Estate. Compl. ¶ 17. On October 15, 2007, plaintiff

21   Flaxman allegedly contacted defendant Corolla, who stated that the claim forms had been

22   received and that the claim amounts would be paid to the Estate. *Id.* ¶ 18. The complaint further

23   alleges that defendant Corolla stated that because the claims were in the final processing stage,

24   defendant Gilman would ensure payment was promptly made. *Id.* Plaintiff Flaxman allegedly

25   / / /

26   _____

27       2. The unclaimed property appears to have allegedly escheated to the State in the form of
stocks, dividends and insurance proceeds. Compl. ¶ 15. The property was listed under various

28   names, including Kay Shiman, Martin C. Shiman and Clara Shiman. *See* Compl. Exhs. A-M.

**DEFENDANTS' NOTICE OF MOTION AND MOTION**     Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**     CV 08 2365 SBA

2

1 | left defendant Gilman several voice mail messages during the period from October 15, 2007, to

2 | November 7, 2007, which were not returned. *Id.* ¶ 19-20.

3 | On November 8, 2007, the complaint states that plaintiff Flaxman performed a search

4 | on the Controller's website for the status of the claims. Compl. ¶ 22. The search allegedly

5 | revealed that the Estate had allegedly been paid for some of the unclaimed property claims. *Id.*

6 | Plaintiffs contend that the Estate has never received any payment on the claims for the unclaimed

7 | property. *Id.* ¶ 26. The complaint also alleges that defendants Corolla and Gilman have not

8 | returned his telephone calls. *Id.*

9 | **B.    Causes of Action and Prayer for Relief**

10 | The complaint contains four causes of action. The first cause of action alleges a

11 | violation of Section 1983, claiming that defendants violated plaintiffs' Fourteenth Amendment

12 | right by depriving him of his property without due process of law in addition to an equal

13 | protection violation. Compl. ¶¶ 29-31. The second cause of action also asserts a violation of

14 | Section 1983, claiming that defendants violated plaintiffs' Fifth Amendment right by taking his

15 | property without just compensation. Compl. ¶ 34-36. The third and fourth causes of action

16 | assert that defendants' actions resulted in a breach of fiduciary duties and negligence,

17 | respectively.

18 | Finally, the complaint prays for actual, treble and punitive damages, as well as court

19 | costs and attorney's fees in the amount of $750,000.00.[3/]

20 | **LEGAL STANDARDS APPLICABLE TO RULE 12(B) MOTIONS**

21 | This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and

22 | 12(b)(6). Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Rule

23 | 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted.

24 | / / /

25 | / / /

26 | / / /

27 |

28 | 3. *See* Demand posted on the Civil Docket sheet.

### A.  Rule 12(b)(1)

Where, as here, "defendants have made a facial rather than a factual attack on subject matter jurisdiction," pursuant to Rule 12(b)(1), a court must "take the allegations in the plaintiff's complaint as true" and "draw all reasonable inferences in [the plaintiffs'] favor." *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Courts are not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations and citations omitted.)

### B.  Rule 12(b)(6)

A  motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff.  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); *see also W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A court generally cannot consider materials outside of the complaint, except for materials submitted as part of the complaint or the contents of which are alleged in the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  A court may also consider matters subject to judicial notice. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT

Estate of Clara Shiman et al. v. John Chiang et al.
CV 08 2365 SBA

4

**LEGAL DISCUSSION**

**A.    The Lawsuit Against Defendants Chiang, Carrola and Gilman, in Their Official Capacities, is Barred by the Eleventh Amendment.**

This official capacity action against defendants is barred under the Eleventh Amendment to the United States Constitution, which provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

Although the text of the Eleventh Amendment only refers to citizens of another state or a foreign state, the United States Supreme Court has interpreted the Eleventh Amendment also to bar suits against a state brought by its own citizens in federal court, absent consent by the state. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-103 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

Unless a state has waived its Eleventh Amendment immunity, or Congress has overridden it, a state itself cannot be sued in federal court regardless of the relief sought. *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*); *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 670 (1999). Eleventh Amendment Immunity exists not only for the state, but also for its agencies and its officials sued in their official capacities. *See Edelman v. Jordan*, 415 U.S. at 666-667.

Here, defendants Chiang, Carrola and Gilman are all sued in their official capacity and, thus, are entitled to Eleventh Amendment immunity. Defendants have not waived their immunity, nor has it been abrogated by Congress.

The complaint attempts to circumvent the Eleventh Amendment protection afforded state officials by citing to *Taylor v. Westley*, 402 F.3d 924 (9th Cir. 2005), which involved a narrow exception to the rule of sovereign immunity in lawsuits for the return of unclaimed property. Compl. ¶ 7. Though both cases involve issues concerning unclaimed property, the *Taylor* decision is distinguishable in several material respects. In *Taylor*, the California State Controller obtained stock from the holders of the stock, thereafter selling the stock and

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT

Estate of Clara Shiman et al. v. John Chiang et al.
CV 08 2365 SBA

5

1  depositing the money into the State's general fund. *Id.* at 926. The two individual owners of the

2  stock later filed a lawsuit in federal court seeking a declaratory judgment, disgorgement and

3  return of either their stock investment or the return of the reasonable value thereof, money

4  damages, and injunctive relief. *Id.* at 926.

5       For a suit such as the action in *Taylor* to be viable in federal court, it initially has to be

6  interpreted as a suit for the return of property. *Id.* at 933; *see also United States v. Lee*, 106 U.S.

7  196, 208-209 (1882) [sovereign immunity did not bar claim where a descendant of General

8  Robert E. Lee merely sought possession of land taken by federal government as opposed to

9  seeking government property as a remedy]. Here, although the complaint alleges that defendants

10  are in possession of funds belonging to plaintiffs, the bulk of the lawsuit seeks a monetary award

11  in the form of treble damages and punitive damages. To be sure, plaintiffs allege that the State

12  possesses a total of $29,881.59 belonging to the Estate, but the lawsuit seeks a total of

13  $750,000.00. The award sought by plaintiffs would run counter to the well-known proposition

14  acknowledged by the *Taylor* decision itself that "[g]enerally, the Eleventh Amendment shields

15  state governments from money judgments in federal courts, and from declaratory judgments

16  against the state governments that would have the practical effect of requiring the state treasury

17  to pay money to claimants." *Taylor* at 929-930. Here, the vast majority of what the complaint

18  seeks to recover would be considered *government* property since punitive and treble damages

19  would be paid from the state treasury. Therefore, because this lawsuit for all intents and

20  purposes seeks government property, as opposed to the return of property allegedly belonging to

21  plaintiffs, the defendant state officials are entitled to sovereign immunity protection.

22       In addition to the threshold requirement above, the *Taylor* decision stated that in order

23  for a suit such as the present one to fall outside of the ordinary rule of sovereign immunity, one

24  of two conditions must be met: "(1) it must be based on the public official having acted beyond

25  his statutory authority (the 'ultra vires exception') or (2) the plaintiff's theory must be that the

26  action leading to the government's possession of the property was constitutionally infirm."

27  / / /

28  / / /

DEFENDANTS' NOTICE OF MOTION AND MOTION          Estate of Clara Shiman et al. v. John Chiang et al.
TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT                              CV 08 2365 SBA

6

1   *Taylor* at 933.[4/] The complaint in the present matter fails to satisfy either of the two

2   requirements.

3           With regard to the first requirement, "allegations that an officer violated a 'plain legal

4   duty' can take the officer's actions outside the scope of her delegated responsibilities." *Taylor* at

5   933 (quoting *Washington v. Udall*, 417 F.2d 1310, 1316 (9th Cir. 1969)). On the other hand,

6               '[a] simple mistake of fact or law does not necessarily
                mean that an officer of the government has exceeded the
7               scope of his authority,' and '[o]fficial action is still
                action of the sovereign, even if it is wrong, if it "does not
8               conflict with the terms of the officer's valid statutory
                authority.'"
9

10  *Taylor* at 934 (quoting *Aminoil U.S.A., Inc., v. Cal. State Water Res. Control Bd.*, 674 F.2d 1227,

11  1234 (9th Cir. 1982) and *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695

12  (1949).

13          Concluding there that the complaint's allegations satisfied this first requirement, the

14  *Taylor* decision noted that at least some of the allegations, if true, "would clearly put the

15  Controller's actions beyond her statutory authority." *Taylor* at 934. For instance, the complaint

16  alleged that plaintiffs' property should have never been subject to the escheat scheme because

17  they were never "lost" as required by statute.[5/] Also, there were allegations that the property of

18  plaintiff Taylor escheated to the State in violation of the escheat statute because he was not a

19  resident of California. *Id.*

20          Here, aside from a conclusory allegation (*See* Compl. ¶ 7), the complaint lacks

21  allegations suggesting that any of the defendants acted outside of their "valid statutory authority."

22  At most, the complaint reveals that plaintiffs never received the funds at issue. However, this

23  _____

24      4. This exception to sovereign immunity is commonly referred to as the *Lee-Malone*
    exception, which allows a plaintiff to assert a claim for the return of property if the claim falls
25  into one of the two categories. *See United States v. Lee*, 106 U.S. 196 (1882); *Malone v.*
    *Bowdoin*, 369 U.S. 643 (1962).
26

27      5. For example, the complaint in *Taylor* alleged that plaintiff Taylor's Intel stock
    escheated to the State even though Intel knew where he lived and had been sending him
28  correspondence about his stock and pension. *Taylor* at 934.

**DEFENDANTS' NOTICE OF MOTION AND MOTION**          Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**          CV 08 2365 SBA

                                    7

1  type of allegation falls well short of suggesting that any of the named defendants acted beyond

2  their statutory authority. In the same vein, the allegation that one of the defendants represented

3  that the claims were in the final processing stage fails to show how that defendant acted *outside*

4  of their statutory authority.[6/]  In fact, at most, plaintiffs have alleged that there may have been a

5  mistake of fact or law which "does not necessarily mean that an officer of the government has

6  exceeded the scope of his authority." *See Taylor* at 934. Put simply, the allegations in plaintiffs'

7  complaint fail to satisfy the first thread of the *Lee-Malone* exception.

8         As stated above, the second thread of the *Lee-Malone* exception requires allegations

9  that the "action leading to the government's possession was constitutionally infirm." *Taylor* at

10  933. According to the Ninth Circuit, the plaintiffs in *Taylor* met this requirement by asserting a

11  procedural due process claim, contending that the Controller failed to provide constitutionally

12  adequate notice to interested parties "that their property was being taken and sold." *Id.* at 935.

13  In the present situation, the complaint fails to set forth any allegations suggesting that defendants

14  acquired the subject property or allegedly failed to deliver it in an unconstitutional manner.

15  Unlike the *Taylor* case where plaintiffs argued that their property was "taken and sold" without

16  constitutionally adequate notice, the complaint in the current matter does not allege a

17  constitutional violation concerning the manner in which defendants gained possession of the

18  property at issue, or any facts as to why any alleged failure to deliver it was unconstitutional. As

19  a result, the complaint likewise fails to satisfy the second category of the *Lee-Malone* exception

20  to sovereign immunity.

21         Plaintiffs' allegations in Counts I and II that each of the defendants violated the

22  Fourteenth and Fifth Amendments are nothing more than *conclusory* allegations which the Court

23  should not accept as true. *See W. Mining Council v. Watt*, 643 F.2d at 624. For all of the

24  reasons described, plaintiffs' complaint should be dismissed with prejudice.

25  / / /

26  / / /

27

28         6. The same holds true for the alleged unreturned phone calls.

**DEFENDANTS' NOTICE OF MOTION AND MOTION**          Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                                    CV 08 2365 SBA

8

**B.    The Causes of Action under 42 U.S.C. § 1983 Fails to State a
Claim upon Which Relief Can Be Granted Because Such
Claims Can Only Be Alleged Against a "Person" as Defined.**

Even aside from the Eleventh Amendment immunity, to the extent plaintiffs attempt to

bring a claim pursuant to Section 1983 against the named defendants in their official capacities,

they are not proper defendants for such a claim in any event.  Section 1983 provides, in relevant

part:

> Every *person* who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress.

(Emphasis added.)

The United States Supreme Court has ruled that a sovereign state cannot be sued under

Section 1983.  *Will v. Michigan Dept. of State Police,* 491 US 58, 66 (1989).  Moreover, "[s]tate

officers in their official capacities, like states themselves, are not amenable to suit for damages

under Section 1983."  *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69, fn. 24 (1997);

*Doe v. Lawrence Livermore Nat'l Lab,* 131 F.3d 836, 839 (9th Cir. 1997) ["[S]tate officials sued

in their official capacities are not a 'person' within the meaning of section 1983."]  Official

capacity suits filed against state officials are merely an alternative way of pleading an action

against the state.  *Kentucky v. Graham*, 473 U.S. 159, 167 fn.14 (1985).

Here, defendants Chiang, Carrola and Gilman are all sued in their official capacities

and, thus, are not considered "person[s]" amenable to suit under Section 1983.  The instant case

is properly considered a lawsuit against the State of California.  As such, the complaint fails to

state a claim upon which relief can be granted and must be dismissed.[7]

---

7.  As described above, there are no facts alleged, and presumably none will be offered, to
suggest any actions taken by defendants outside their official capacities.  There is thus no basis
for allowing plaintiffs leave to amend to assert their claims against defendants in their individual
capacities.

DEFENDANTS' NOTICE OF MOTION AND MOTION          Estate of Clara Shiman et al. v. John Chiang et al.
TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT                              CV 08 2365 SBA

1    **C.    Plaintiffs' Assertion of State Law Claims Does Not Avoid the
           Eleventh Amendment Bar.**

2

3    As indicated, the Eleventh Amendment bar is only avoided when a state has expressly

4    waived its immunity or when Congress has overridden it. *Seminole Tribe of Florida v. Florida*,

5    517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-103

6    (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).  Furthermore, a lawsuit can not be

7    maintained in federal court against state officials in their official capacity for alleged violations

8    of state law:

9            [I]t is difficult to think of a greater intrusion on state sovereignty
             than when a federal court instructs state officials on how to
10           conform their conduct to state law.  Such a result conflicts directly
             with the principles of federalism that underlie the Eleventh
11           Amendment.

12   *Pennhurst,* 465 U.S. at 106.

13   The concept of pendent jurisdiction does not vitiate an otherwise valid defense of

14   Eleventh Amendment immunity: "[W]ith respect to [plaintiffs'] pendent state law damages claim

15   asserted against [defendants], the Eleventh Amendment absolutely precludes such claims from

16   being brought in federal district court." *Bair v. Krug*, 853 F.2d 672, 675-76 (9th Cir. 1988).

17   In the present case, plaintiffs are suing various state officials for alleged violations of

18   California's Unclaimed Property Law ("UPL").[8/]  Because plaintiffs' UPL claims are against the

19   individual defendants in their official capacities, they are barred by the immunities afforded by

20   the Eleventh Amendment.  Plaintiffs are free to pursue any claim for recovery of unclaimed

21   property in an ordinary state court proceeding under California Code of Civil Procedure section

22   1541, but they cannot artificially expand such a claim to become a federal constitutional case.

23   / / /

24   / / /

25   / / /

26

27   _____

28   8. The third cause of action alleges a breach of fiduciary duty, while the fourth cause of
     action alleges negligence.

**DEFENDANTS' NOTICE OF MOTION AND MOTION**          Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                              CV 08 2365 SBA

1

## CONCLUSION

2      For all of these reasons, defendants respectfully request that this Court grant its Motion

3  to Dismiss without leave to amend.

4  Dated: June 2, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California
7                              CHRISTOPHER E. KRUEGER
                               Senior Assistant Attorney General
8
                               DOUGLAS J. WOODS
9                              Supervising Deputy Attorney General

10                             /s/ Jack Woodside

11

12                             JACK WOODSIDE
                               Deputy Attorney General
13                             Attorneys for Defendants John Chiang, in his official capacity;
                               Rachel Carrola, in her official capacity; and, Penny Gilman,
14                             in her official capacity

15

16

17

18

19

20

21

22

23

24

25

26

27  10442162.wpd
    SA2008302695
28

**DEFENDANTS' NOTICE OF MOTION AND MOTION**          Estate of Clara Shiman et al. v. John Chiang et al.
**TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT**                                        CV 08 2365 SBA

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ESTATE OF CLARA SHIMAN, SCOTT A. FLAXMAN ADMINISTRATOR, SCOTT A. FLAXMAN, BENEFICIARY, ESTATE OF CLARA SHIMAN,**<br><br>                                        Plaintiffs,<br><br>        v.<br><br>**JOHN CHIANG, IN HIS OFFICIAL CAPACITY, RACHEL CARROLA, IN HER OFFICIAL CAPACITY AND PENNY GILMAN, IN HER OFFICIAL CAPACITY,**<br><br>                                        Defendants. | Case No:  CV 08 2365 SBA<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br><br>Hearing:        September 9, 2008<br>Time:            1:00 p.m.<br>Courtroom:   3, Floor 3<br>Judge:          The Honorable Saundra B. Armstrong |

Defendants John Chiang, in his official capacity, Rachel Corrola, in her official capacity and Penny Gilman, in her official capacity (collectively "defendants") filed a motion to dismiss the claims of plaintiffs Estate of Clara Shiman, Scott A. Flaxman Administrator, Scott A. Flaxman, beneficiary, Estate of Clara Shiman (collectively "plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons set forth below, this Court GRANTS the motion without leave to amend.

**Background**

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983") generally alleging federal constitutional as well as state law violations against defendants.  Specifically,

[PROPOSED] ORDER ON DEFENDANTS'
MOTION TO DISMISS

Estate of Clara Shiman et al. v. John Chiang et al.
Case No. CV 08 2365 SBA

1

1  plaintiffs complain that defendants held unclaimed property in the alleged amount of $29,881.59

2  belonging to plaintiff Estate of Clara Shiman, and that they have failed to return any of the

3  property to plaintiffs. The complaint prays for actual, treble and punitive damages as well as

4  court costs and attorney's fees in the amount of $750,000.00.

5          Defendants filed a motion to dismiss claiming that the Eleventh Amendment bars this

6  action as to all defendants. The motion also argued that the complaint fails to state a claim upon

7  which relief can be granted because defendants are not "persons" within the meaning of Section

8  1983, and therefore not amenable to suit.

9                                    **Legal Standard**

10         Where, as here, "defendants have made a facial rather than a factual attack on subject

11  matter jurisdiction," pursuant to Rule 12(b)(1), the Court must "take the allegations in the

12  plaintiff's complaint as true" and "draw all reasonable inferences in [the plaintiffs'] favor." *See*

13  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also Savage v. Glendale Union High*

14  *School*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Courts are not required to "assume the truth of

15  legal conclusions merely because they are cast in the form of factual allegations." *See Warren v.*

16  *Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations and

17  citations omitted.)

18         A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims

19  alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

20  not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

21  'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

22  elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct.

23  1955, 1964-65, (2007). "All allegations of material fact are taken as true and construed in the

24  light most favorable to plaintiff. However, conclusory allegations of law and unwarranted

25  inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v.*

26  *Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).

27  / / /

28  / / /

**[PROPOSED] ORDER ON DEFENDANTS'**
**MOTION TO DISMISS**

Estate of Clara Shiman et al. v. John Chiang et al.
Case No. CV 08 2365 SBA

1

<u>Analysis</u>

2

**A. The Eleventh Amendment Bars the Present Action**

3       The Eleventh Amendment to the United States Constitution bars suits against a state

4  brought by its own citizens in federal court, absent consent by the state. *Seminole Tribe of*

5  *Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465

6  U.S. 89, 98-103 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). Unless a state has

7  waived its Eleventh Amendment immunity, or Congress has overridden it, a state itself cannot be

8  sued regardless of the relief sought. *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*);

9  *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S.

10  666, 670 (1999). Eleventh Amendment Immunity exists not only for the state, but also for its

11  agencies and its officials sued in their official capacities. *See Edelman v. Jordan*,  415 U.S. at

12  666-667.

13       An exception to the rule of sovereign immunity exists where the suit is one for the

14  return of property. *Taylor v. Westley*, 402 F.3d 924, (9th Cir. 2005). As suggested, the threshold

15  requirement is that the suit be interpreted as one for the return of property. *Id.* at 933; *see also*

16  *United States v. Lee*, 106 U.S. 196, 208-209 (1882) [sovereign immunity did not bar claim where

17  a descendant of General Robert E. Lee merely sought possession of land taken by federal

18  government as opposed to seeking government property as a remedy]. In the case at bar,

19  although plaintiffs' complaint seeks the return of $29,881.59, mainly from stocks, dividends and

20  insurance proceeds allegedly held by defendants, it also seeks much more. In fact, plaintiffs have

21  set forth a demand of $750,000.00, making the return of funds representing their alleged property

22  a relatively insignificant portion of what they actually seek by this lawsuit. As a result, the bulk

23  of plaintiffs' complaint seeks money damages that would necessarily come from the State's

24  treasury, which really makes this a suit against the State, thus barred by the Eleventh

25  Amendment.

26       Even assuming the lawsuit was initially interpreted as one for the return of property,

27  plaintiffs' complaint fails to satisfy the exception to the rule for sovereign immunity. The *Taylor*

28  decision explained that in order for a suit, such as the present one, to fall outside of the ordinary

**[PROPOSED] ORDER ON DEFENDANTS'**                              Estate of Clara Shiman et al. v. John Chiang et al.
**MOTION TO DISMISS**                                            Case No. CV 08 2365 SBA

1 rule of sovereign immunity, one of two conditions must be met: "(1) it must be based on the

2 public official having acted beyond his statutory authority (the 'ultra vires exception') or (2) the

3 plaintiff's theory must be that the action leading to the government's possession of the property

4 was constitutionally infirm." *Taylor* at 933.[1/]

5     In the case at bar, plaintiffs' complaint fails to satisfy the first condition set forth

6 above.  Importantly, the complaint lacks any allegations suggesting that any of the defendants

7 acted outside of their valid statutory authority.  Allegations that defendants represented that the

8 claims were in the final stage of processing, as well as assertions that defendants failed to return

9 plaintiffs' phone calls, simply do not suggest that defendants acted outside of their statutory

10 authority.  At most, plaintiffs' complaint indicates that the alleged failure to return plaintiffs'

11 property was due to a mistake of fact or law, which is not enough to satisfy the first thread of the

12 *Lee-Malone* exception.  *See Taylor* at 934.

13     The second condition that must be satisfied in order to circumvent the rule of sovereign

14 immunity requires allegations that the "action leading to the government's possession was

15 constitutionally infirm." *Taylor* at 933.  Again, similar to the first condition, the complaint fails

16 to set forth any allegations suggesting that defendants acquired the subject property or allegedly

17 failed to deliver it in an unconstitutional manner.  Moreover, plaintiffs' conclusory allegations of

18 defendants' unconstitutional actions in Counts I and II do not correct the deficiencies in this

19 regard.

20     Therefore, the Eleventh Amendment to the United States Constitution bars the present

21 suit against defendants.

22 / / /

23 / / /

24 / / /

25

26     1. This exception to sovereign immunity is commonly referred to as the *Lee-Malone*

27 exception, which allows a plaintiff to assert a claim for the return of property if the claim falls
into one of the two categories.  *See United States v. Lee*, 106 U.S. 196 (1882); *Malone v.*

28 *Bowdoin*, 369 U.S. 643 (1962).

**[PROPOSED] ORDER ON DEFENDANTS'**            Estate of Clara Shiman et al. v. John Chiang et al.
**MOTION TO DISMISS**                          Case No. CV 08 2365 SBA

1    **B.    Plaintiffs' 42 U.S.C. § 1983 Claims**

2    Section 1983 provides, in relevant part:

3    > Every person who, under color of any statute, ordinance,
     > regulation, custom, or usage, of any State or Territory or the
4    > District of Columbia, subjects, or causes to be subjected, any
     > citizen of the United States or other person within the jurisdiction
5    > thereof to the deprivation of any rights, privileges, or immunities
     > secured by the Constitution and laws, shall be liable to the party
6    > injured in an action at law, suit in equity, or other proper
     > proceeding for redress.

7

8    The United States Supreme Court has ruled that a sovereign state cannot be sued under

9    Section 1983. *Will v. Michigan Dept. of State Police,* 491 US 58, 66 (1989). Moreover, "[s]tate

10   officers in their official capacities, like states themselves, are not amenable to suit for damages

11   under Section 1983." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69, fn. 24 (1997);

12   *Doe v. Lawrence Livermore Nat'l Lab,* 131 F.3d 836, 839 (9th Cir. 1997) ["[S]tate officials sued

13   in their official capacities are not a 'person' within the meaning of section 1983."] Official

14   capacity suits filed against state officials are merely an alternative way of pleading an action

15   against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 fn.14 (1985).

16   Here, defendants Chiang, Carrola and Gilman are all sued in their official capacities

17   and, thus, are not considered "person[s]" amenable to suit under Section 1983. The instant case

18   is properly considered a lawsuit against the State of California. As such, the complaint fails to

19   state a claim upon which relief can be granted. Moreover, as already concluded, there are no

20   facts alleged, and presumably none will be offered, to suggest any actions taken by defendants

21   outside their official capacities. There is thus no basis for allowing plaintiffs leave to amend to

22   assert their claims against defendants in their individual capacities.

23   **C.    Plaintiffs' Remaining State Law Claims Must Be Dismissed**

24   Plaintiffs' State law claims in Counts III and IV against defendants in their official

25   capacities fail for the same reasons explained above in that they are barred by the Eleventh

26   Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

27   / / /

28   / / /

[PROPOSED] ORDER ON DEFENDANTS'          Estate of Clara Shiman et al. v. John Chiang et al.
MOTION TO DISMISS                              Case No. CV 08 2365 SBA

1

**Conclusion**

2          Based on the foregoing, IT IS HEREBY ORDERED THAT Defendants' Motion to

3    Dismiss is GRANTED without leave to amend.

4          IT IS SO ORDERED.

5

6    Dated: _____      _____
                                            The Honorable Saundra B. Armstrong
7                                           United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER ON DEFENDANTS'                Estate of Clara Shiman et al. v. John Chiang et al.
MOTION TO DISMISS                                           Case No. CV 08 2365 SBA

6