SCOTT A. FLAXMAN (SBN 241285)
**SCOTT FLAXMAN LAW**
21 Buena Vista Road
South San Francisco, California 94080
Telephone: (415) 571-0582
Facsimile: (650) 952-0409
scottf@scottflaxmanlaw.com

**ATTORNEY FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CLARA SHIMAN, et al.<br><br>Plaintiff<br><br>vs.<br><br>CALIFORNIA STATE CONTROLLER, et al.<br><br>Defendants | Case No.: 4:08-cv-02365-SBA<br><br>[Assigned for all purposes to the **Honorable. Judge Saundra Brown Armstrong**]<br><br>JOINT CASE MANAGEMENT STATEMENT OF THE ESTATE OF CLARA SHIMAN ET AL. AND THE CALIFORNIA STATE CONTROLLER ET AL.<br><br>Date:          September 9, 2008<br>Time:          1:00 p.m.<br>Courtroom:  3, (3rd Floor) |

Pursuant to Fed. R. Civ. P. 16(c) and 26(f) and Civil Local Rule 16-9, the Plaintiffs, the Estate of Clara Shiman and Scott Flaxman ("Plaintiffs") and Defendants John Chiang, Rachel Carrola and Penny Gilman, all in their official capacities, ("Defendants") submit the following Case Management Statement.

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

1. <u>Jurisdiction and Service</u>

Personal jurisdiction over Defendants is proper before this Court. Plaintiff's Complaint contains four causes of action. Count I is made pursuant to 42 U.S.C. §1983 and founded on Fourteenth Amendment Violations. Count II is made pursuant to 42 U.S.C. §1983 and founded on Fifth Amendment Violations. Count III is a claim for Breach of Fiduciary Duty and Count IV is a claim for Negligence.

Defendants allege that jurisdiction in this Court is improper and have filed a Motion to Dismiss asserting the same.

2. <u>Statement of Facts</u>

The State of California, via its office of Controller ("Cal. Controller") has seized and is now illegally holding property that is lawfully Plaintiffs' property. The Cal. Controller's Office maintains a website that catalogues some of the property that the state of California has seized when the then current custodian of the property, or the state of California itself, allegedly, is unable to locate the rightful owners of the property or is, allegedly, unable to locate the heirs to the rightful owners of the property. Plaintiffs discovered a number of items of their property and lawfully and properly sought to recover their Property from the state following the requirements of California's Unclaimed Property Law, (Cal. Civ. Proc. Code § 1500 <u>et seq.</u>). ("Cal. UPL"). One of the Plaintiffs, Scott Flaxman ("Mr. Flaxman") made contact with employees of the Cal. Controller's office ("Controller's Employees") and after being asked for a series of additional pieces of supporting documentation and evidence, all of which were duly submitted, the Controller's Employees told Mr. Flaxman that they would be receiving the return of their property which was held by the Cal. Controller. However, the Cal. Controller has not returned any of the property to the Plaintiffs.

Plaintiffs, via their attorney, Scott Flaxman, has attempted, subsequent to the filing of this action, on many occasions, to meet with Defendants' attorney and discuss a way to settle this matter and/or for the Defendants to simply return the Plaintiffs' Property. Defendants, via their attorney, continually deny that they will participate in any type of settlement conversation, negotiation nor Alternative Dispute Resolution. Furthermore, Defendants' counsel, on a few different occasions, declined requests to meet, in person, to discuss this matter. At one point Defendants' counsel stated that the Motion to Dismiss was just a formality that had to be followed, but that if the Controller were improperly holding Plaintiffs' property he would get to the bottom of it and Plaintiffs' property would be returned.

The Controller now takes the position that it is not holding any of Plaintiffs' property, but offers nothing by way of evidence to prove this assertion.

Defendants deny ever claiming that filing a Motion to Dismiss in this case was simply a matter of formality. In fact, as evidenced by the claims in the Motion to Dismiss, defendants have requested that this Court dismiss the action without leave to amend because jurisdiction is not proper in federal court. Moreover, the Complaint fails to state a claim for which relief can be granted.

2. <u>Legal Issues</u>

Both Plaintiffs and Defendants agree that there is an exception to the general rule of Eleventh Amendment Sovereign Immunity and that exception applies to cases, such as this one, where Plaintiffs are suing for the return of Plaintiffs' property as opposed to the property of a State held in that state's treasury. Plaintiffs and Defendants also agree that as a further requirement the Plaintiffs must show that the government employees' action leading to the

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

possession or retention of the Plaintiffs' property must be outside of the scope of their statutory authority.

Plaintiff contends that if a Federal District Court properly has jurisdiction over a suit for the return of Plaintiff's "unclaimed" property as Defendant has agreed is proper, then that Federal District Court should also be able to award attorney's fees, costs and punitive damages as well. Defendant cites no authority for the proposition that the character of the suit for unclaimed property is somehow tainted by the mere fact that the Plaintiff seeks not only actual damages, but also compensatory and punitive damages; the underlying suit is still for the return of Plaintiff's property and a Federal District Court properly has jurisdiction over such a suit.

Plaintiff further contends that a State of California, government official's arbitrary decision to deprive a California citizen, such as the Plaintiff, Scott Flaxman, in this case, his right to his property, then that state official is acting outside of his or her statutory authority. Section One of the Fourteenth Amendment to the United States Constitution states, "... ***nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.***"

The actions of the California Controller's Employees were outside their statutory authority because these government officials made a decision to deprive a person, Mr. Flaxman, of his property; the property unlawfully held by the California States Controller's Office. Furthermore, these same government officials, through their act of deprivation, are also denying Mr. Flaxman, a person within the State of California's jurisdiction, the equal protection of the laws because these officials have returned some property held in the fund belonging to other persons as is mandated under California state law, but these same officials are not treating the Plaintiffs equally under the law by illegally retaining Plaintiffs' property.

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

Defendant's position is that the government employees have simply made a mistake of fact or law. Defendant goes as far as to say that the government employees' decision not to return any of Plaintiffs' repeated phone calls is also a mistake of fact or law. Defendants' position rests on the presumption that the Controller's Employees were doing everything they were required to do under law, and simply got confused and made a mistake. This is a conclusory statement and is a factual matter which is in dispute.

Plaintiffs would need to conduct discovery to obtain further detail on why exactly the Controller's Employees acted outside the scope of the law in general and their statutory duties in particular.

Furthermore, just a practical matter of common sense logic, the decision not to return multiple phone calls and messages most likely is never because of a mistake of fact or law.

Plaintiff further contends that the government officials' action in this case was outside the scope of their statutory authority because their action is in violation of the Fifth Amendment to the United States Constitution. The Fifth Amendment to the United States Constitution states, ***"[no person shall]. . .be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."***

Here, the government officials are depriving a person, Mr. Flaxman, of his property without due process of law and have taken Mr. Flaxman's property for public use without just compensation.

Defendant contends that Plaintiffs can not allege any facts to demonstrate actions of government officials outside of their statutory authority. Plaintiffs contend that the information concerning the exact actions taken by the particular government officials in this case are within the sole knowledge, power and control of the Defendants and thus Plaintiffs would need to

conduct discovery to be in a position to present these facts. On the face of their actions, Defendants clearly took actions outside the scope of their statutory authority because they did not follow the Cal. UPL and also unconstitutionally deprived Plaintiffs of their right to their Property and unconstitutionally took Plaintiffs' property without just compensation.

The United States Supreme Court has held that a state official who violates federal law, "is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. 123, 160 (1908). Thus, where the actions undertaken by the state official violated the plaintiff's federally protected rights, the official may be held personally liable in his or her individual capacity.

Here, the state officials clearly have violated federal constitutional and state statutory law and Plaintiffs should have leave to amend their complaint after discovery bears out exactly which government official performed which action outside of their statutory authority that resulted in Plaintiff's property being illegally retained by the California Controller's Office.

Defendants do not believe this Case Management Statement is the proper place to contest issues concerning this Court's jurisdiction and the adequacy of the allegations contained in the Complaint. Those issues were raised and discussed in the Motion to Dismiss, which was not opposed by plaintiffs. The sole legal issue concerns plaintiffs' entitlement to the funds allegedly under the control of the State Controller.

4. Motions

The Defendants have filed a motion to Dismiss. Plaintiffs request leave to amend their complaint.

5. Amendment of Pleadings

Plaintiffs seek leave to amend their complaint.

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

6. <u>Evidence Preservation</u>

Plaintiffs will preserve evidence in their control but most evidence lies within the control of the Defendants.

Defendants will preserve evidence in their control.

7. <u>Disclosures</u>

Neither side has made their Rule 26 initial disclosures. The parties agree that initial disclosures will be made within 30 days after the resolution of pleading motions.

8. <u>Discovery</u>

Plaintiffs need to conduct discovery to uncover facts for Plaintiffs' Amended Complaint to demonstrate which of the government employees acted outside of their statutory authority and exactly how they did so.

Defendants initially assert that it is unaware of an Amended Complaint in this matter. Defendants also assert that no discovery has been taken to date and requests that no discovery commence until all pleading motions have been resolved. Defendants anticipate that it will serve written discovery on all plaintiffs.

9. <u>Class Actions:</u>

N/A

10. <u>Related Cases</u>

N/A

11. <u>Relief</u>

Plaintiffs have brought a total of four causes of action. Under Count 1, against Defendants Controller, Carrola and Gilman, Plaintiffs seeks to recover actual damages, punitive damages and prejudgment interest. Under Count 2, against Defendants Controller, Carrola and

Gilman, Plaintiffs seek to recover attorney's fees, actual damages, unspecified damages, treble damages and punitive damages. Under Count 3, against Defendants Controller, Carolla and Gilman, the Plaintiffs, Scott Flaxman and the Estate of Clara Shiman, seek the remedy of the imposition of a constructive trust upon all property (and/or its cash equivalent plus interest) that is held by the State Controller within the Unclaimed Property Fund for the benefit of the Estate of Clara Shiman and all property held by the State Controller within the Unclaimed Property fund that should be being held for the benefit of the Estate of Clara Shiman. Under Count 4, against Defendants Controller, Carrola and Gilman, Scott Flaxman and the Estate of Clara Shiman seek to recover actual, consequential and punitive damages.

Defendants assert that should liability be established, plaintiffs are only entitled to the funds in control of the state that are found to belong to them. Furthermore, defendants assert that plaintiffs are not entitled to attorney's fees, consequential or punitive damages.

12. <u>Settlement and ADR</u>

Plaintiffs are amenable to Mediation. Defendants are not amenable to any form of Mediation and have repeatedly denied Plaintiff's requests for Mediation.

The parties have not engaged in any settlement discussions. Defendants do not believe this matter would benefit from any type of alternative dispute resolution.

13. <u>Consent to Magistrate Judge for All Purposes and Other References</u>

Both parties consent to a Magistrate Judge in this matter.

14. <u>Other References</u>

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

Defendants do not believe this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties have not been able to narrow issues.

16. Expedited Schedule

The parties do not believe this matter can be handled on an expedited basis with streamlined procedures.

17. Scheduling

Discovery cutoff to be completed by November 15, 2009 (2) Designation of Experts to be completed by August 15 2009, (3) Hearing of Dispositive Motions to be completed by January 1, 2010 and 4) Trial to be commenced March 15, 2010.

18. Trial

Plaintiffs request a jury trial and expects the trial length to be three days.

Defendants request a court trial and expect the trial length to be two days.

19. Disclosure of Non-party Interested Entities or Persons:

N/A

20. Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter

Plaintiffs are open to mediation, open to discussion and open to any form of ADR that will result in the return of Plaintiffs' property being held by the Cal. Controller.

Dated: August 28, 2008                              **SCOTT FLAXMAN LAW**

By: __/ s /__ Scott A. Flaxman
**Scott A. Flaxman**
Attorney for Plaintiffs

9

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT

Dated: August 28, 2008

EDMUND G. BROWN, JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

DOUGLAS J. WOODS
Supervising Deputy Attorney General

/S/   Jack Woodside

JACK WOODSIDE
Deputy Attorney General
Attorneys for State Defendants

ESTATE OF CLARA SHIMAN ET AL. AND CALIFORNIA CONTROLLER ET AL. CASE MANAGEMENT STATEMENT