**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF CLARA SHIMAN, SCOTT A. FLAXMAN ADMINISTRATOR, SCOTT A. FLAXMAN, BENEFICIARY, ESTATE OF CLARA SHIMAN,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CHIANG, IN HIS OFFICIAL CAPACITY, RACHEL CARROLA, IN HER OFFICIAL CAPACITY AND PENNY GILMAN, IN HER OFFICIAL CAPACITY,<br><br>Defendants. | No. C 08-2365 SBA<br><br>**ORDER**<br>[Docket No. 12] |

This matter comes before the Court on the Motion to Dismiss Plaintiffs' Complaint filed by Defendants John Chiang, in his official capacity, Rachel Corrola, in her official capacity and Penny Gilman, in her official capacity (collectively "Defendants"). The motion is unopposed. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. The Court hereby GRANTS Defendants' Motion to Dismiss [Docket No.12] and DISMISSES Plaintiffs' Complaint WITH PREJUDICE. It is further ORDERED that the hearing on the motion, and the Case Management Conference, set for September 9, 2008, at 1:00 p.m., are VACATED.

**Background**

The plaintiff, Scott Flaxman, is a beneficiary of and administrator for the Estate of Clara Shiman ("Estate"). [Compl. ¶¶ 12-13]. Plaintiff claims that the defendants - the State of California Controller and two agency employees - improperly held unclaimed property belonging to the Estate in the amount of $29, 881.59 and that they have failed to return any money to the Estate in spite of

Flaxman's filing a claim for the property.  [Compl.¶¶ 13-16, 17, 22, 23].

Plaintiff brings this action for the unclaimed property (plus actual, treble and punitive damages and attorney's fees) under 42 U.S.C. § 1983 and California's Unclaimed Property Law ("UPL").

The Complaint was filed on May 7, 2008 [Docket No. 1] and the Defendants' Motion to Dismiss was filed June 2, 2008 [Docket No. 8].  The opposition was due on or before August 19, 2008, and to date, none has been filed.  Defendants filed a brief reply on August 26, 2008 [Docket No. 14].  Under this court's standing orders, the failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

## Legal Standards

This motion to dismiss is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(l) authorizes dismissal for lack of subject matter jurisdiction.  Rule 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted.

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction.  "On a motion to dismiss under Rule 12(b)(1), the Court must consider all material factual allegations in the complaint as true.  *Wah Chang v. Duke Energy Trading & Mktg., LLC*, 507 F.3d 1222, 1224 (9th Cir. 2007).

### B.   Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1960 (2007).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are

to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001).

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**Analysis**

**A. The Eleventh Amendment bars this action against Defendants Chiang, Carrola and Gilman, in their official capacities.**

The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 431 (2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).  Eleventh Amendment immunity exists not only for the state, but also for its agencies and its officials sued in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 666-667 (1974).  One notable exception to this immunity, however, is for suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908).  Thus, the standard allows courts to order prospective relief but they may not award retrospective relief, such as money damages or its equivalent, if the State invokes its immunity. *Edelman*, 415 U.S. at 668.  Because this complaint is aimed at state employees in their official capacities and is for money damages, it is barred by the

Eleventh Amendment unless an exception applies.

Plaintiff, however, invokes a narrow exception to sovereign immunity in lawsuits for the return of unclaimed property. [Compl. ¶¶ 7-8]. In *Taylor v.Westley*, 402 F.3d 924, 933 (9th Cir. 2005), the Court found that the plaintiffs' suit satisfied "both of the ways in which a claim for return of one's property can fall outside the purview of sovereign immunity" and upheld a federal lawsuit for money damages associated with the sale of stock which had been obtained by the Controller of California, sold and the proceeds deposited into the State's general fund. Referred to as the *Lee-Malone* exception, the Taylor court explained that a federal claim against the State for unclaimed property either must be based on (1) the public official having acted beyond his statutory authority (the "ultra vires exception") or (2) an allegation that the action leading to the government's possession of the property was constitutionally infirm. *Taylor*, 402 F.3d at 934 (citing *Malone v. Bowdoin*, 369 U.S. 643 (1962); *United States v. Lee*, 106 U.S. 196 (1882).

To satisfy the first requirement, an allegation that an officer violated "a plain legal duty" can take the officer's actions outside the scope of her delegated responsibilities but a "simple mistake of fact or law does not necessarily mean that an officer of the government has exceeded the scope of his authority [. . .]." *Taylor*, 402 F.3d at 933. The Complaint alleges only that defendant Corolla told the plaintiff when he telephoned that his claim was being processed, that defendants Gilman and Corolla did not return his telephone calls with regard to the processing of the claims, that the claims appear to have been paid, but that the Estate has not received any money from the claims. [Compl. ¶¶ 18-23, 24-26; Ex. O]. The allegations may suggest that mistakes were made by the defendants, but their alleged actions do not clearly violate any plain legal duty or exceed the bounds of a statutory authority; as such, the allegations fail to satisfy the first requirement of the *Lee-Malone* exception.

Nor does the Complaint satisfy the second requirement of the *Lee-Malone* exception because there are no allegations that suggest the defendants either acquired the Estate's property or failed to deliver it in an unconstitutional manner. In Counts I and II, the plaintiff alleges that the defendants

4

violated the Fourteenth and Fifth Amendments, but these are hardly more than conclusory allegations insufficient to take his claim outside Eleventh Amendment immunity.[1] The claims against the defendants in their official capacities in Counts I and II are dismissed for lack of subject matter jurisdiction.

**B. The Section 1983 claims fail to state a claim upon which relief can be granted because the defendants are not "persons" within the meaning of the statute.**

Section 1983 provides, in relevant part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added.)

Neither States nor their agencies are "persons" under Section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Moreover, a State official sued in his or her official capacity for damages is not a "person" under Section 1983. *Will*, 491 U.S. at 71; *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836, 839 (9th Cir. 1997). Official capacity suits filed against state officials are merely an alternative way of pleading an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 fn.14 (1985).

Plaintiff has sued the defendants in their official capacities for damages in Counts I and II. The defendants are not considered "persons" amenable to suit under Section 1983 and the claims are properly considered a lawsuit against the State of California, for which no relief can be granted. The claims against the defendants in their official capacities in Counts I and II are dismissed for failure

---

[1] Under most circumstances, the Court would dismiss a complaint without prejudice and permit the plaintiff to amend his complaint when a cognizable claim may be raised. However, three factors militate against this course. First, even though plaintiff cogently invoked the narrow exception to sovereign immunity, he failed to allege substantive facts to support the exception, when given the opportunity. Second, Plaintiff declined to oppose the motion to dismiss and, finally, he is represented by an attorney. Given that, the Court concludes that the decision to carefully and precisely file claims against the defendants only in their official capacities, and to seek monetary damages, was a deliberate choice formed after a careful legal assessment of the facts.

5

to state a claim upon which relief can be granted.

**C. The Eleventh Amendment bars the pendent state law claims**.

The jurisdiction of a federal court to entertain supplemental state law claims under 28 U.S.C § 1367 does not override Eleventh Amendment immunity. A state-law claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984). The constitutional bar, thus, applies equally to the plaintiff's state law claims in Counts III and IV and they are dismissed for the same reasons stated above.

### Conclusion

For all of the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss [Docket No. 12] is GRANTED. The Court hereby DISMISSES the Complaint WITH PREJUDICE. It is FURTHER ORDERED that the hearing and Case Management Conference, set for September 9, 2008, at 1:00 p.m., are VACATED.

IT IS SO ORDERED.

Dated: 9/4/08    SAUNDRA BROWN ARMSTRONG
United States District Judge